**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LOUIS L. TERRY**                                                           **PETITIONER**

**V.**                         **4:01 CR0092-3**
                           **4:04CV00983**

**UNITED STATES OF AMERICA**                             **RESPONDENT**

## ORDER

On June 25, 2002, the petitioner was found guilty in a jury trial of two counts of the Grand Jury's indictment. On count one, he was found guilty of aiding and abetting a bank robbery by use of a dangerous weapon, a violation of 18 U.S.C. §2113(a) and (d) and 18 U.S.C. §2. On count two, he was found guilty of aiding and abetting the brandishing of a firearm in a crime of violence, a violation of 18 U.S.C. §924(c)(1) and (2). On December 18, 2002, the petitioner was sentenced to a period of 110 months confinement with a period of three years supervised release and $200 assessment. The petitioner is presently imprisoned at the FCI Forrest City, Forrest City, Arkansas.

On January 6, 2003 the petitioner's attorney filed with this Court a motion to extend time to file notice of appeal in order to give him time to discuss the matter with the petitioner. The motion was granted giving the petitioner an additional thirty (30) days to file his notice of appeal.[1] Petitioner did not file a timely notice of appeal. Instead, on September 19, 2003, petitioner filed a motion to allow him to file an untimely notice of appeal. The government responded to the motion on January 14, 2004. The motion was denied on January 26, 2004.

---

[1] This extension gave the petitioner up to and including February 5, 2003 in which to file his notice of appeal.

On September 17, 2004, Petitioner filed a *pro se* petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255.  Subsequently, the Court ordered the public defender to assist the petitioner.  An amended and supplemented petition was filed on November 7, 2005.

Petitioner's motion and amended motion argue:  (1) that either statutory provisions or the doctrine of equitable tolling permit the Court to decide this case on the merits rather than dismissing it on procedural grounds: (2) the 110-month sentence in this case violates *Apprendi*, *Blakely, Booker* and due process: (3) mandatory sentences, such as imposed here, undermine the statutory goal of eliminating sentencing disparities: and  (4) the petitioner did not receive effective assistance of counsel because his lawyer did not file a notice of appeal, did not contest the characterization of petitioner's criminal history, and did not provide effective assistance as set forth in petitioner's *pro se* petition.

On June 22, 2006, the Court held a hearing on Petitioner's motion, heard testimony, received evidence and heard argument of counsel.  For the reasons stated on the record and herein, Petitioner's motion is denied.

**Statute of limitations**.

Before analyzing Petitioner's claims for habeas relief, the Court must address Respondent's threshold argument that this habeas action was filed outside of the applicable statute of limitations.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and 28 U.S.C. § 2255 have an explicit one-year statute of limitations.  The one-year period of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255.

Pursuant to this statutory language, the petitioner had one year from the date on which his conviction became final to file his motion. The judgment of conviction becomes final when the time for filing a direct appeal expires. The Court extended the petitioner's deadline for filing an appeal to February 5, 2003. Petitioner did not file a timely notice of appeal, accordingly, the petitioner had up to and including February 5, 2004 in which to file his petition. Petitioner filed his original petition on September 17, 2004, seven months later. Petitioner argues that the one-year period of time did not begin to run until the Court ruled on his motion to file a belated appeal, January 26, 2004. Petitioner asserts "the limitation period was tolled while the case remained potentially eligible for 'direct review' in a possible appeal."

Petitioner's argument has no merit. Were the Court to adopt the petitioner's argument the statutory limitations period would have no effect as any petitioner could file motions to file belated appeals resulting in the tolling of the statute indefinitely while the petitioner subjectively believed that an appeal could be filed. The Court concludes that Petitioner filed his federal habeas petition well outside the one-year statute of limitations found in 28 U.S.C. § 2255.

Alternatively, the petitioner argues that the limitations period should be equitably tolled because he believed that his lawyer filed a notice of appeal. In habeas proceedings, equitable

tolling is appropriate where "extraordinary circumstances" beyond a prisoner's control prevent timely filing.[2] *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Ineffective assistance of counsel, arising from an attorney's negligence or mistake, is not generally considered an extraordinary circumstance. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002); *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (noting that a majority of the circuits have held that basic attorney errors, such as miscalculation of a filing deadline, are generally insufficient to support equitable tolling).

On the other hand, "serious attorney misconduct," as opposed to "mere negligence," may warrant equitable tolling. *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (citing *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir.2003) (tolling statute of limitations due to the "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003) ("It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that, at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002) (petitioner's "allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations" if petitioner reasonably relied on the attorney's misrepresentations); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir.2001) (noting that claims of attorney misconduct may

---

[2] Equitable tolling is also appropriate where conduct of the defendant "lulled the plaintiff into inaction," a circumstance not at issue in this case. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000), *cert. denied*, 534 U.S. 863 (2001).

provide a basis for equitable tolling), *overruled on other grounds* by *Carey v. Saffold*, 536 U.S. 214 (2002); *cf. Rouse v. Lee*, 339 F.3d 238, 250 n. 14 (4th Cir. 2003) (equitable tolling may be appropriate where attorney conduct reaches the level of "utter abandonment"); *but see Modrowski v. Mote*, 322 F.3d 965, 968-69 (7th Cir.2003) (rejecting attorney misconduct as a basis for equitable tolling because such conduct is "attributable to the client")).

The Eighth Circuit's decision in *Martin* is illustrative of the sort of attorney misconduct that warrants equitable tolling. In that case, which involved a § 2255 action, the petitioner's counsel "consistently lied to [petitioner] and his wife about the [§ 2255] filing deadline; repeatedly lied to [petitioner] and his wife about the status of [petitioner's] case; refused to communicate with [petitioner] or his family; neglected to file any documents, belated or not, on [petitioner's] behalf; and failed to return any of [petitioner's] paperwork to him despite repeated requests and then demands." *Martin*, 408 F.3d at 1095. The Court concluded that this was "the type of egregious attorney misconduct that may excuse an untimely filing." *Id.*

After carefully reviewing the circumstances of Petitioner's case, the Court concludes that he has not met his burden to establish equitable tolling. "Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter." *Martin*, 408 F.3d at 1095. Viewing the evidence in the light most favorable to Petitioner, the Court finds that Petitioner failed to present evidence of "serious attorney misconduct" warranting equitable tolling. Petitioner argues that he thought his lawyer was appealing his conviction and sentence. However, evidence was presented which demonstrates that Petitioner's counsel confirmed by letter dated February 7, 2003, that pursuant to their conversations no appeal would be taken. Petitioner asserts that after he learned that no appeal had been filed, seven months after the

deadline, he filed his motion to permit a belated appeal. The petitioner has not shown that he exercised personal diligence in pursuing his appeal by delaying seven months in seeking information regarding his appeal. On these facts, the Court concludes that Petitioner has demonstrated neither due diligence nor "serious attorney misconduct" sufficient to support equitable tolling. However, even if the Court were to equitably toll the limitations period, Petitioner's claims would fail.

**B.     Analysis Of Petitioner's Claims**

Petitioner asserts that his sentence violates the Sixth Amendment when considering the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) as clarified by *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and as applied to the federal sentencing guidelines in *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner's sentence was imposed in December 2002. *Blakely* was decided on June 24, 2004 and *Booker* was decided on January 12, 2005. *Blakely* and *Booker* are not given retroactive consideration in this jurisdiction, *See, Never Misses a Shot v. Untied States,* 413 F.3d 781 (8th Cir. 2005). Because the petitioner's criminal conviction became final before the decisions in *Blakely* or *Booker* were announced, these cases are inapplicable to his § 2255 petition.

Next, the petitioner asserts that the mandatory minimum sentence imposed is unconstitutional. However, the Eighth Circuit Court of Appeals has held that a mandatory statutory sentence such as applied in this case is constitutional. *See, United States v. Goodface*, 835 F. 2d 1233 (8th Cir. 1987).

Finally, the petitioner argues that he received ineffective assistance of counsel. To obtain relief on his ineffective assistance of counsel claim, petitioner must show both that his counsel's

performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. See *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), petitioner must prove that his attorney's performance was deficient, overcoming the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." *Id*. at 689, 104 S.Ct. 2052. Petitioner must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068.

A "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of section 2255's" *Estes v. United States*, 883 F. 2d 645, 648 (8th Cir. 1989) (citations omitted). A showing of actual prejudice is not necessary. *Barger v. United States*, 204 F. 3d 1180, 1182 (8th Cir. 2000). However, to succeed, the petitioner must show that he made his desire to appeal evident to his attorney and "a bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id*. As stated on the record following the hearing held June 22, 2006 the Court finds the testimony of Petitioner's former attorney, Jerry Larkowski more credible and further supported by his letter dated February 7, 2003 in which he confirms that Petitioner was not pursuing a direct appeal. Petitioner offers no evidence to support his claim other than his self serving testimony and the testimony of two witnesses who admitted that they were not personally aware of Petitioner's conversations with his former attorney. *See, Yodprasit v. United States*,

294 F. 3d 966 (8th Cir. 2002). Accordingly, Petitioner has failed to demonstrate that he made his desire to appeal evident to his attorney.

As to Petitioner's remaining arguments of ineffective assistance of counsel, for the reasons stated on the record, the Court finds that Petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness or that but for his counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.

Wherefore, Petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,(docket # 247 and 260), are denied .

IT IS SO ORDERED this 26th day of June, 2006.

_____
James M. Moody
United States District Judge